IN THE SUPREME COURT OF THE STATE OF DELAWARE

BERNARD ELLERBE, § 
§ No. 510, 2016
Defendant Below, §
Appellant, § Court Below—Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 1406020386
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: November 18, 2016
Decided: February 2, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 2nd day of February 2017 upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) In July 2014, Ellerbe was indicted on eleven charges, including two class B drug felonies: Tier 2 Drug Dealing, for having possessed with intent to deliver two grams or more of heroin[1] and Tier 3 Aggravated Possession, for having possessed three grams or more of heroin.[2] In January 2015, a Superior Court jury

---

[1] 16 *Del. C.* § 4752(2) (criminalizing drug dealing of a controlled substance in a tier 2 quantity).
[2] *Id.* § 4752(4) (criminalizing aggravated possession of a controlled substance in a tier 3 quantity).

found Ellerbe guilty of Tier 2 Drug Dealing, Tier 3 Aggravated Possession, and five other charges in the indictment.

(2) Following trial, the parties agreed, and the Superior Court found, that Ellerbe's Aggravated Possession conviction should merge with his Drug Dealing conviction for sentencing purposes. The record does not indicate, and the State does not explain on appeal, why the State was willing to merge the two offenses for sentencing, but we assume it is because the offenses are so fundamentally similar.

(3) At sentencing in May 2015, the Superior Court imposed a sentence for Drug Dealing and did not impose a sentence for Aggravated Possession. For Drug Dealing, the court sentenced Ellerbe to twenty-five years of Level V incarceration suspended after fifteen years (two years mandatory) for decreasing levels of supervision.

(4) In September 2016, Ellerbe filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). Ellerbe claimed, first, that his prosecution and conviction for both Drug Dealing and Aggravated Possession violated double jeopardy principles because the two offenses arose from the same cache of heroin, and second, that the prosecution and conviction for both offenses allowed the Superior Court to impose an illegal sentence. By order dated

2

September 27, 2016, the Superior Court denied Ellerbe's motion as without merit. This appeal followed.

(5)     We review the denial of a motion for correction of sentence for abuse of discretion and consider questions of law *de novo*.[3] In this case, having carefully considered the parties' positions on appeal, we affirm the denial of the motion for correction of sentence.

(6)     As a procedural matter, Ellerbe's challenge to his prosecution and conviction is unavailing in a motion for correction of sentence. The narrow function of Rule 35(a) is to correct an illegal sentence, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[4]

(7)     Substantively, Ellerbe's claim of a double jeopardy violation is without merit under our 2014 decision in *Ayers v. State*.[5] In Ellerbe's case, as in *Ayers*, Drug Dealing and Aggravated Possession were charged as alternative theories of criminal liability, not as lesser and greater offenses of each other.[6] Because both offenses required proof of an element that the other did not, we held in *Ayers* that prosecution and conviction for both Drug Dealing and Aggravated

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).
[5] *Ayers v. State*, 97 A.3d 1037, 1041 (Del. 2014).
[6] *Id.*

3

Possession did not offend principles of double jeopardy.[7] The same holds true for Ellerbe.[8]

(8) Ellerbe has not demonstrated, and the record does not reflect, any illegality in his sentence as a result of his prosecution and conviction for both Drug Dealing and Aggravated Possession. The Superior Court properly merged the two convictions for sentencing and imposed a statutorily authorized sentence for one.[9]

---

[7] *Id. See supra* notes 1, 2. *Compare* 16 *Del. C.* § 4752(2) (governing delivery or possession with intent to deliver of a controlled substance in a Tier 2 quantity), *with* § 4752(4) (governing possession of a controlled substance in a Tier 3 quantity).

[8] Nonetheless, we are not insensitive to the concerns Ellerbe has raised. The very fact that the State offered to merge the offenses for purposes of sentencing is suggestive of how much overlap there is between them. In recent years "merging" has become more and more common because of the salumi-thin difference in some charged crimes. In this case, Ellerbe was convicted of both offenses. But in other cases juries have acquitted on a crime that is virtually indistinguishable (except for an element that might be different, but does not in fact materially distinguish it) from an offense on which the jury has acquitted. This raises the specter of compromise verdicts where juries do not resolve cases on the basis of whether there is reasonable doubt, but by resolving any differences within the jury by convicting on one charge and acquitting on another, when the rational basis for doing so seems tenuous. In this case, however, the jury found Ellerbe guilty of both Drug Dealing and Aggravated Possession, and the offenses were then merged for sentencing in accordance with *Ayers*.

[9] 11 *Del. C.* § 4205(b)(2) (providing that for a class B felony the Superior Court shall impose Level V incarceration of not less than 2 years and up to 25 years).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice